1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                 **FOR THE DISTRICT OF ARIZONA**

8

9    Matthew Murphy,                    )    No. CV-10-277-PHX-DGC
                                        )
10              Plaintiff,              )    **ORDER**
                                        )
11   vs.                                )
                                        )
12   Pearson; Pearson Education; Pearson, )
     Inc.; Pearson, LLC; Gregg Driben;   )
13   Elizabeth Shaffer; Denise Schaumberg; )
     Tia Finn; Shawn Humphrey; Katie      )
14   Finney; and Tricia Larson,           )
                                        )
15              Defendants.             )
                                        )
16   _____ )

17       Plaintiff Matthew Murphy is a former employee of Defendant Pearson.  He took a

18   military leave of absence during October and November 2008.  His employment with

19   Pearson terminated in January 2009.  Due to administrative error on the part of Pearson,

20   Plaintiff received an extra $10,470.41 in severance pay.

21       In the fall of 2009, Plaintiff filed an administrative complaint with the United States

22   Department of Labor pursuant to the Uniformed Services Employment and Reemployment

23   Rights Act, 38 U.S.C. § 4301 et seq. ("USERRA").  That statute forbids employment

24   discrimination on the basis of membership in the armed forces.  38 U.S.C. §§ 4301(a)(3),

25   4311(a). Because the severance overpayment resulted in Plaintiff receiving the funds he was

26   entitled to under the USERRA, he sought no further remedy in connection with his

27   administrative complaint.

28       Plaintiff commenced this action by filing a pro se complaint against Defendants in

1  state court on January 12, 2010.  Dkt. #1-1 at 2-6.  The amended complaint asserts five

2  claims: wrongful termination, defamation and slander, hostile work environment, intentional

3  infliction of emotional distress, and punitive damages.  Dkt. #25-1.  The action was removed

4  to this Court on the basis of federal question jurisdiction.  Dkt. #1.

5       Defendants have filed a motion to dismiss.  Dkt. #6.  The motion is fully briefed.

6  Dkt. ##8, 11, 17.  No party has requested oral argument.  For reasons stated below, the sole

7  federal claim will be dismissed and the remaining state claims will be remanded to state

8  court.

9  **I.     The Motion to Dismiss.**

10      Defendants seek dismissal of counts one, three, and five of the amended complaint for

11  failure to state a claim to relief.  The wrongful termination claim asserted in count one alleges

12  that the "termination of Plaintiff's employment was a deliberate act of retaliation for

13  Plaintiff's service in the military."  Dkt. #25-1 ¶ 12.  Plaintiff claims that under 20 C.F.R.

14  § 1002.248, Defendants must prove that his termination would have occurred absent his

15  military service.  *Id.*  Plaintiff further claims that under A.R.S. §§ 26-167 and 26-168,

16  Defendants must prove that the termination decision was not made in a discriminatory

17  manner in relation to seniority rights and re-employment.  *Id.*

18      Defendants construe count one as seeking relief under the USERRA, that statute's

19  federal regulation, 20 C.F.R. § 1002.248, and A.R.S. §§ 26-167 and 26-168.  Dkt. #6 at 4.

20  Count one must be dismissed, Defendants contend, because Plaintiff settled the claim in

21  exchange for the severance overpayment.  *Id.* at 4-6.  Defendants argue in the alternative that

22  the claim is barred by the doctrines of accord and satisfaction and equitable estoppel.  *Id.*

23  at 6-8.

24      Plaintiff states that count one is based exclusively on state law – A.R.S. §§ 26-167 and

25  26-168 – and is not meant to assert a federal claim of any kind.   Dkt. #11 at 2.  The Court

26  therefore will grant Defendants' motion to dismiss to the extent count one asserts a claim

27  under 20 C.F.R. § 1002.248 or the USERRA.  *See* Dkt. #25-1 ¶ 12.

28      The hostile work environment claim asserted in count three of the amended complaint

1  alleges that Pearson's management "failed to provide Plaintiff with a safe working

2  environment," promoted the hostility through "derogatory comments," and used Plaintiff's

3  personal information "to manipulate several situations and hide misconduct of the harassing

4  and hostile employees."  Dkt. #25-1 ¶ 21.  Defendants assert that to the extent count three

5  seeks relief under Title VII, 42 U.S.C. § 2000e et seq., the claim fails as a matter of law

6  because Plaintiff has not exhausted administrative remedies.  Dkt. #6 at 8.  Plaintiff states

7  that he is bringing count three not under Title VII, but exclusively under state law.  Dkt. #11

8  at 3. Plaintiff further states that he purposefully filed all claims in Arizona state court, and

9  that Defendants are attempting to introduce Title VII in order to obtain dismissal of count

10  three.  *Id.*

11       Plaintiff, as "master of the complaint," *Caterpillar Inc. v. Williams*, 482 U.S. 386,

12  398-99 (1987), has made clear that count three seeks no relief under Title VII.  Because

13  Plaintiff is proceeding pro se, the Court must "construe the pleading liberally and must afford

14  [P]laintiff the benefit of any doubt."  *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623

15  (9th Cir. 1988).  The Court therefore will deny the motion to dismiss as moot to the extent

16  Defendants seek dismissal of count three for failure to exhaust administrative remedies under

17  Title VII.

18  **II.    Remand to State Court.**

19       Defendants removed the case on the basis of federal question jurisdiction.  Dkt. #1

20  ¶ 10; *see* 28 U.S.C. § 1331.  The action arises under federal law, Defendants contend,

21  because count one seeks relief under the USERRA and 20 C.F.R. § 1002.248.  *Id.*  With the

22  elimination of those federal claims and Plaintiff's clarification that count three does not assert

23  a federal claim, the basis for this Court's federal question jurisdiction no longer exists.

24  Under the relevant statute, 28 U.S.C. § 1367(c)(3), the Court may decline to exercise

25  supplemental jurisdiction over the remaining state claims.  The Supreme Court has instructed

26  that "in the usual case in which all federal-law claims are eliminated before trial, the balance

27  of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law

28  claims."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988) (citing *United Mine*

1    *Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)).

2        The Court concludes that considerations of economy, fairness, and comity favor

3    remand of this case to state court. *Id.* at 350 n. 7; *see Holly D. v. Cal. Inst. of Tech.*, 339 F.3d

4    1158, 1181 n.28 (9th Cir. 2003).  Arizona state courts have a greater interest and expertise

5    in resolving state law claims.   Additionally, remand will benefit the federal system by

6    allowing this Court to devote its scarce resources to resolving federal issues.

7        **IT IS ORDERED:**

8        1.    Defendants' motion to dismiss (Dkt. #6) is **granted in part** and **denied in**

9              **part**.  The motion is granted to the extent count one of the amended complaint

10             asserts a federal claim under the USERRA, 38 U.S.C. § 4301 et seq., or 20

11             C.F.R. § 1002.248.  The motion is denied as moot to the extent Defendants

12             seek dismissal of count three for failure to exhaust administrative remedies

13             under Title VII.

14       2.    The Court, pursuant to 28 U.S.C. § 1367(c)(3), will not exercise supplemental

15             jurisdiction over the remaining state claims.

16       3.    The Clerk is directed to **remand** this action to state court.

17       DATED this 14th day of April, 2010.

18

19

20       _____

21                        David G. Campbell
                      United States District Judge

22

23

24

25

26

27

28